F1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

---------------------------------------------------------------x

TELTRONICS, INC.,

                Plaintiff,

      -against-

HARGAN-GLOBAL VENTURES, INC.,

                Defendant.

---------------------------------------------------------------x

          **STIPULATION TO**
          **AMEND COMPLAINT**

: Case No. 8:04 cv 2652-T26 TGW

**IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for the parties to this action, pursuant to Fed. R. Civ. P. 15(a), that the Complaint heretofore filed in this action shall be amended and that the First Amended Complaint in the form annexed hereto shall be filed with the Court.

Dated: April 21, 2005

CARL S. LEVINE & ASSOCIATES, P.C.

By: _____
    Carl S. Levine (CL-1320)
    Attorneys for Plaintiff
    125 Jericho Turnpike
    Suite 100
    Jericho, NY 11753
    Tel.: (516) 334-0390

GREENBERG TRAURIG, LLP

By: _____
    David S. Oliver
    Florida Bar No. 521922
    Attorneys for Defendant
    450 South Orange Avenue
    Suite 650
    Orlando, FL 32801
    Tel.: (407) 418-2382

F1
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

----------------------------------------------------------------X

TELTRONICS, INC.,

               Plaintiff,

           -against-

HARGAN-GLOBAL VENTURES, INC.,

               Defendant.

----------------------------------------------------------------X

     : **FIRST AMENDED COMPLAINT**

     : Case No. 8:04CV2652-T26 TGW

Plaintiff, Teltronics, Inc., by its attorneys, Carl S. Levine & Associates, P.C. and Sisco & Associates, P.C. (local counsel), as and for its First Amended Complaint, respectfully alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, Teltronics, Inc. ("Teltronics") was and still is a corporation duly organized and existing under the laws of the State of Delaware, with principal offices at 2150 Whitfield Industrial Way, Sarasota, Florida 34243.

2. Teltronics is licensed to do business in the State of Florida and does business in this District.

3. Teltronics is and has been engaged, *inter alia*, in the business of manufacturing telephony equipment and systems under its own trademarks, service marks and logos to distributors and retailers throughout the United States, including Florida, and other countries.

4.      Upon information and belief, at all times relevant to this action, Defendant Hargan-Global Ventures, Inc. ("Hargan-Global"), was and still is a corporation duly organized and existing under the laws of the Province of Ontario, Canada, with its principal place of business located at 19 Lowther Avenue, Toronto, Ontario M5R 1C5.

5.      At all times relevant to this action, and upon information and belief, Hargan-Global was and is a private venture capital firm that purportedly invests in companies in Canada and the United States of America, including the State of Florida.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction by reason of 28 U.S.C. §1332(a)(2) in that this action involves a dispute between citizens of a state and citizens or subjects of a foreign state, where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.      Venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

8.      During the period from 2002 through in or about 2004, representatives of Teltronics and Hargan-Global conducted meetings and negotiations in this District concerning the development of certain proprietary technology designed to be implemented over a standard Ethernet local area network (the "Existing Vortex Technology"), which was owned by Tri-Link Technologies, Inc. ("Tri-Link").

2

9     At all times relevant, upon information and belief, Hargan-Global was and still is a creditor and shareholder of Tri-Link and possessed or possesses a controlling interest in that company.

10.     On or about August 1, 2002, Teltronics and Hargan-Global entered into an agreement to jointly fund the development of the Existing Vortex Technology (the "Development Agreement").

11.     Pursuant to the Development Agreement, Teltronics and Hargan-Global were each required to contribute a monthly amount equal to fifty (50%) percent of the development costs for the Existing Vortex Technology, which contributions were not to exceed the sum of Thirty-Five Thousand ($35,000.00) U.S. Dollars per month per contributor.

12     Teltronics and Hargan-Global also agreed that the Development Agreement would remain in effect until the Existing Vortex Technology achieved certain agreed upon specifications (the "Developed Vortex Technology"), which were set forth in Exhibit C to an Agreement of Purchase and Sale of Vortex Technology dated October 31, 2002 between Teltronics and Tri-Link (the "Purchase Agreement").

13     The performance of the Development Agreement took place, in part, in this District

14.     Notwithstanding the expense sharing agreement contained in the Development Agreement, Teltronics has contributed substantially in excess of 50% of the development costs of the Existing Vortex Technology from August 2002 to date (the "Joint Development Period")

3

15. Since October 2002, Teltronics has incurred and is continuing to incur 100% of the Development costs of the Existing Vortex Technology.

16. Since October 2002, Hargan-Global has failed and refused to make any contributions to the development of the Existing Vortex Technology.

17. During the Joint Development Period, Teltronics incurred costs and expenses in the sum of $3,099,000.00 to develop the Existing Vortex Technology in order to meet the specifications of the Developed Vortex Technology, as required under the Development Agreement.

18. Under the Development Agreement, Hargan-Global is responsible for 50% of the sum of $3,099,000.00 incurred by Teltronics to develop the Existing Vortex Technology, that is, the sum of $1,549,500.00 (the "Past Due Contributions").

19. Hargan-Global has refused, and continues to refuse, to comply with its obligations under the Development Agreement or to satisfy its outstanding Past Due Contributions, despite due notice and demand from Teltronics.

20. By its actions, Hargan-Global has wrongfully breached the Development Agreement as of on or about October 16, 2002, and continuing to date

## AS AND FOR A FIRST COUNT
### (breach of contract)

21. Teltronics repeats and reiterates the allegations contained in ¶'s "1" through "20" as if set forth herein in their entirety.

22. On August 1, 2002, Teltronics and Hargan-Global entered into the Development Agreement.

4

23. Teltronics has duly fulfilled all of its obligations under the Development Agreement.

24. Hargan-Global has failed and refused to fulfill its obligations under the Development Agreement by, *inter alia*, failing to make the Past Due Contributions for the development of the Existing Vortex Technology.

25. As a direct result of Hargan-Global's breach of its obligations under the Development Agreement, Teltronics has been damaged in the sum of $1,549,500.00 through November 18, 2004, which damages are continuing.

26. By reason of the foregoing, Teltronics is entitled to a judgment against Hargan-Global in an amount to be determined at trial, but in a sum not less than $1,549,500.00.

## AS AND FOR A SECOND COUNT
(unjust enrichment)

27. Teltronics repeats and reiterates the allegations contained in ¶'s "1" through "26" as if set forth herein in their entirety.

28. Under the Development Agreement, Teltronics contributed to the development of the Existing Vortex Technology in the amount of $3,099,000.00 during the Joint Development Period.

29. Hargan-Global has enjoyed and continues to enjoy the benefit of the Developed Vortex Technology funded by Teltronics without making its required Past Due Contributions under the Development Agreement for the development of the Existing Vortex Technology.

5

30. Hargan-Global has been and continues to be unjustly enriched by reason of Teltronics' unilateral development of the Existing Vortex Technology.

31. By reason of the foregoing, Teltronics is entitled to a judgment against Hargan-Global in an amount to be determined at trial, but in a sum not less than $1,549,500.00

## AS AND FOR A THIRD COUNT
(contribution)

32. Teltronics repeats and reiterates the allegations contained in ¶'s "1" through "31" as if set forth herein in their entirety.

33. Under the Development Agreement, Teltronics expended for the development of the Existing Vortex Technology the amount of $3,099,000.00 during the Joint Development Period.

34. Hargan-Global was responsible under the Development Agreement for one-half of all development costs of the Developed Vortex Technology

35. Hargan-Global has failed and refused to pay its share of the development costs of the Developed Vortex Technology.

36. As a result of the failure of Hargan-Global to pay its share of the development costs of the Developed Vortex Technology, Teltronics has been required to pay the entire amount of such development costs

37. Partly as a result of the failure of Hargan-Global to contribute to the funding of the development costs of the Developed Vortex Technology, Teltronics has become involved in a dispute with Tri-Link over payments alleged by Tri-Link to be due to

6

Tri-Link by Teltronics, which dispute is in arbitration under the jurisdiction of the International Centre of Dispute Resolution (the "Arbitration").

38    By virtue of the relationship between Teltronics and Hargan-Global as described above, and subject to other defenses of Teltronics to Tri-Link's claims not directly relevant here, both Teltronics and Hargan-Global have a common liability to Tri-Link for the payment of certain financial obligations.

39    In the event Teltronics is found liable in the Arbitration to Tri-Link, then Hargan-Global is liable to Teltronics for contribution in an amount equal to fifty (50%) percent of Teltronics' liability to Tri-Link, if any

## AS AND FOR A FOURTH COUNT
### (indemnity)

40    Teltronics repeats and reiterates the allegations contained in ¶'s "1" through "39" as if set forth herein in their entirety.

41    By virtue of the relationship between Teltronics and Hargan-Global as described above, Hargan-Global is liable for the payment of the development costs of the Developed Vortex Technology

42    In the event Teltronics is found liable in the Arbitration to Tri-Link, then Hargan-Global is liable to Teltronics in indemnity, and should indemnify Teltronics for its financial contributions, in an amount to be determined at trial.

7

## AS AND FOR A FIFTH COUNT
(declaratory judgment)

43    Teltronics repeats and reiterates the allegations contained in ¶'s "1" through "42" as if set forth herein in their entirety.

44.    Under the Development Agreement, as set forth above, Teltronics contributed to the development of the Existing Vortex Technology in the amount of $3,099,000.00 during the Joint Development Period.

45    Teltronics may incur additional development costs for the Existing Vortex Technology in the foreseeable future.

46.    Hargan-Global was required and continues to be required under the Development Agreement to contribute one-half of all development costs of the Developed Vortex Technology.

47.    In the event additional Development Costs are incurred in connection with the Vortex Technology, Teltronics is entitled to a declaratory judgment holding that Hargan-Global is liable to Teltronics in contribution for one-half of all future development costs of the Developed Vortex Technology.

48.    In the event additional Development Costs are incurred in connection with the Vortex Technology, Teltronics is entitled to a declaratory judgment holding that Hargan-Global is liable to Teltronics in indemnity for all future development costs of the Developed Vortex Technology.

8

WHEREFORE, Plaintiff demands judgment against the Defendant Hargan-Global as follows:

(a)     On the First Count, for breach of contract, in an amount to be determined at trial, but in a sum not less than $1,549,500.00, plus interest;

(b)     On the Second Count, for unjust enrichment, in an amount to be determined at trial, but in a sum not less than $1,549,500.00, plus interest;

(c)     On the Third Count, for contribution in an amount to be determined at trial;

(d)     On the Fourth Count, for indemnity for the full amount of Teltronics' payments for development costs;

(e)     On the Fifth Count, a declaratory judgment holding that Defendant is liable to Teltronics (i) in contribution for one-half of all future development costs of the Developed Vortex Technology and (ii) in indemnity for all future development costs expended by Teltronics;

(f)     Plaintiff's reasonable attorneys' fees, costs and disbursements incurred in connection with enforcing its rights and in prosecuting this action; and

9

(g)   For such other and further relief as this Court deems just and proper.

Dated: April 20, 2005
      Jericho, New York

Yours, etc.

By:   _____

Carl S. Levine, Trial Counsel
New York Bar Identification Number: CL-1320
William E. Betz
New York Bar Identification Number: WB-2867

CARL S LEVINE & ASSOCIATES, P C.
125 Jericho Turnpike
Jericho, New York 11753
Tel. #: (516) 334-0390
Fax #: (516) 334-9788

[Local Counsel]

By:   _____

Dale R. Sisco
Florida Bar Identification Number: DRS-559679

SISCO & ASSOCIATES, P.A.
500 East Kennedy Blvd., Suite 100
P.O. Box 3382
Tampa, Florida 33601
Tel. #: (813) 224-0555
Fax #: (813) 221-9736

Attorneys for Plaintiff

TO:   David S. Oliver, Esq.
      Greenberg Traurig, P.A
      450 S. Orange Ave., Suite 650
      Orlando, FL 32801

      Attorneys for Defendant

H:\Documents\GENERAL\TELTRONICS LIT\USDC-Hargan Global\Complaint AM.1 doc

10